Lelisurjani Agus WIBOWO; Johannes
Ridwan Petitioners

v.

* Alberto GONZALES, Attorney
General of the United States,
Respondent

* (Amended pursuant to F.R.A.P. 43(c)).

No. 04–1963.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit LAR
34.1(a) Thursday, July 14, 2005.

Decided July 29, 2005.

Elizabeth C. Surin, Morley, Surin &
Griffin, Philadelphia, PA, for Petitioners.

Linda S. Wernery, John M. McAdams,
Jr., United States Department of Justice
Office of Immigration Litigation, Washington, DC, for Respondent.

Before SLOVITER and McKEE,
Circuit Judges, and WEIS, Senior Circuit
Judge.

OPINION

McKEE, Circuit Judge.

Lead petitioner Lelisurjani Agus Wibowo and her husband, the second petitioner,
Johannes Ridwan, petition for review of a
decision of the Board of Immigration Ap-

peals. For the reasons that follow, we will dismiss the petition.

### I.

Wibowo and Ridwan are natives and citizens of Indonesia. Wibowo entered the United States on August 20, 1999 as a nonimmigrant visitor with authorization to remain in the country until February 19, 2000. Ridwan entered the United States as a nonimmigrant visitor on June 2, 1999, with authorization to remain in the country until December 1, 1999. Both remained in the United States beyond the time authorized for their stays without seeking any extension. Wibowo filed an application for asylum on June 18, 2001, approximately 22 months after her arrival, and nearly two years after Ridwan's arrival in the United States. She asserted that she is an ethnic Chinese Christian and that she will be persecuted by Indonesian Muslims if returned to Indonesia.[1]

On August 24, 2001, the former Immigration and Nationalization Service initiated removal proceedings against petitioners under 8 U.S.C. §§ 12278(a)(1)(B) and 1101(a)(15) for overstaying their visas. They appeared before an immigration judge ("IJ") on March 19, 2002, conceded their removability, and requested asylum, withholding of removal, relief under the Convention Against Torture ("CAT"). In the alternative, they requested voluntary departure. After hearing testimony from both petitioners at a merits hearing, the IJ issued an oral decision and order finding that petitioners were statutorily ineligible for asylum because they had failed to file their asylum applications within the one-year limitation period without demonstrating exceptional circumstances or changed country conditions excusing their delay.

In addition, the IJ ruled that they had not demonstrated past persecution or a well-founded fear of persecution warranting relief. Accordingly, the IJ denied the application for asylum, withholding of removal and CAT relief. However, the IJ did grant the request for voluntary departure in lieu of removal.

Wibowo and Ridwan appealed to the BIA, which adopted and affirmed the IJ's decision in an order issued on March 11, 2004. Wibowo and Ridwan then filed this timely petition for review.

### II.

Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases of the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). Our review is limited to the administrative record, 8 U.S.C. § 1252(b)(4)(A), and the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38. Whether it is more likely than not that petitioners would face persecution or torture if they were returned to Indonesia is a factual question reviewable under this substantial evidence standard. *See Mulanga v. Ashcroft,* 349 F.3d 123, 131 (3d Cir.2003). This deferential standard applies not only to asylum claims, but also to claims for withholding of removal and protection under the CAT; all of which seek relief from removal orders. *Chang v. INS,* 119 F.3d 1055, 1065–66 (3d Cir.1997) (administrative determination regarding both asylum and withholding of deportation will be reversed "only if a reasonable fact-finder would be forced to

---

**1.** Ridwan was included on Wibowo's asylum application as a derivative applicant. However, only Wibowo proffered testimonial evidence of past and future persecution. Nonetheless, we will refer to the applications for asylum in the plural.

conclude that [the alien] has shown the requisite fear of persecution."); *Zubeda v. Ashcroft,* 333 F.3d 463, 471 (3d Cir.2003) (BIA finding that alien was not eligible for protection under the CAT "must be upheld unless the evidence not only supports a contrary conclusion, but compels it.").

### III.

■ Petitioners first argue that because they established that they suffered past persecution, the IJ and the BIA erred by denying their application for asylum. However, they ignore the fact that the IJ and the BIA found that they were statutorily barred from pursuing their asylum applications. An alien seeking asylum must file an application for that relief within one year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). If the alien can demonstrate materially changed circumstances affecting eligibility or "extraordinary circumstances relating to the delay in filing [for asylum]," the failure to file a timely application may be excused. 8 U.S.C. § 1158(a)(2)(D). The IJ and the BIA found petitioners' applications for asylum to be untimely without demonstrating changed or extraordinary circumstances sufficient to excuse that untimeliness. We are without jurisdiction to review that determination. *See* 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003).

However, petitioners' delay in filing for asylum does not deprive us of jurisdiction to review their applications for withholding of removal and CAT protection. To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), petitioners must establish by "clear probability" that their lives or freedom would be threatened because of their race, religion, nationality, membership in a particular social group, or political opinion if they were removed to Indonesia. *Tarrawally,* 338 F.3d at 186. "A clear probability means 'more likely than not.'" *Id.* (quoting *INS v. Stevic,* 467

U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Similarly, to qualify for CAT protection, "[t]he burden of proof is on the applicant ... to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see Tarrawally,* 338 F.3d at 187–88.

■ We believe that substantial evidence supports the IJ's and the BIA's findings that the incidents described by Wibowo do not rise to the level of government-sponsored or government-permitted persecution or torture. Wibowo does not point to any government-sponsored conduct directed against her or others on the basis of ethnicity or religion. She relies solely on various incidents of harassment and discrimination she allegedly suffered at the hands of private citizens, primarily Indonesian Muslims. However, "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993). Accordingly, we have defined "persecution as including threats to life, confinement, torture, and economic restrictions so severe that the constitute a real threat to life or freedom." *Lukwago v. Ashcroft,* 329 F.3d 157, 168 (3d Cir.2003) (citation and internal quotations omitted). Moreover, "persecution" requires either government involvement or the involvement of individuals the government is "unable or unwilling to control." *Gao v. Ashcroft,* 299 F.3d 266, 273 (3d Cir.2002).

■ Given these standards, a reasonable factfinder would not be compelled to find that Wibowo was subjected to past persecution or that there was a clear probability of future persecution. Essentially, she testified that native Indonesians hate Chinese people and that they would often taunt her, and on occasion, assault her. However, evidence of generalized lawless-

**404**

ness does not compel a conclusion that an alien has been subjected to persecution on account of ethnicity or religion. *See Abdille v. Ashcroft,* 242 F.3d 477, 494 (3d Cir.2001). Moreover, she failed to demonstrate either governmental involvement or governmental acquiescence in the harassment she experienced. Although she testified at one point that she did not report an assault to the police because she felt that reporting would not be useful, that belief is entirely speculative. Accordingly, her testimony does not support her claim that the Indonesian government was "unable or unwilling to control" unlawful conduct by private individual. *Gao,* 299 F.3d at 272. Wibowo did testify that her business was looted and destroyed during riots that targeted Chinese—owned businesses in May 1998. Again, however, she did not demonstrate that the government was involved in or acquiesced in this incident. *Id.*

Wibowo's testimony also does not compel a conclusion that it is more likely than not that she would be subjected to torture if returned to Indonesia. To qualify for CAT protection, an applicant must show "[e]vidence of gross, flagrant or mass violations of human rights," inflicted or more likely than not to be inflicted "by or at the instigation of or with the consent of a public official or other person acting in an official capacity." *Tarrawally,* 338 F.3d at 187–188 (quoting 8 C.F.R. §§ 208.165(c)(2) and (c)(3), 8 C.F.R. § 208.18(a)(1)). For the same reasons that petitioners did not show that they were entitled to withholding of removal, they did not show that they were entitled to CAT protection.

### IV.

For all of the above reasons, we will deny the petition for review.